UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-8983 PA (RAOx) | Date | December 22, 2017 |
|---|---|---|---|
| Title | Alexandra Jicol-Huylebroeck v. United Airlines, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Charles A. Rojas | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

    Before the Court is a Notice of Removal filed by defendant United Airlines, Inc. ("Defendant") on December 14, 2017. (Docket No. 1 ("NOR").) Defendant contends that this Court has jurisdiction over the action brought against it by plaintiff Alexandra Jicol-Huylebroeck ("Plaintiff") based on the Court's federal question jurisdiction and diversity jurisdiction.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over only those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The removing party must strictly comply with the removal statute and has the burden of establishing that removal is proper. Id. at 567.

    To remove an action from state to federal court, a defendant must comply with the procedural requirements for removal. These procedures provide that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

    Thus, "[a]fter a defendant learns that an action is removable, he has thirty days to remove the case to federal court." Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1250 (9th Cir. 2006). This period "starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction." Id. (internal quotation marks omitted). "Otherwise, the thirty-day clock doesn't begin ticking until a defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-8983 PA (RAOx) | Date | December 22, 2017 |
|---|---|---|---|
| Title | Alexandra Jicol-Huylebroeck v. United Airlines, Inc., et al. | | |

receives a copy of an amended pleading, motion, order or other paper from which it can determine that the case is removable." Id. (internal quotation marks omitted).

While, here, the Notice of Removal does not state whether or when Defendant was served with the original complaint,[1] Defendant has attached a Service of Process Transmittal that explains that Defendant's agent for service of process was indeed served with the original complaint in this action on November 10, 2017. (See Docket No 1-1, p.24.) Accordingly, the Notice of Removal, filed December 14, 2017, was filed more than thirty days after Defendant was originally served with a copy of the initial pleading setting forth Plaintiff's claims for relief, as referred to in 28 U.S.C. § 1446(b)(1).

Defendant alleges that removal is timely because the Notice of Removal was filed within thirty days of service of the First Amended Complaint (FAC). (NOR ¶ 3.) Under § 1446(b)(3), a second thirty-day period for removal may be triggered by an amended complaint, where "the case stated by the initial pleading is not removable." 28 U.S.C. § 1446(b); Harris, 425 F.3d at 694. However, the bases Defendant relies upon for removal appeared first in the original complaint; thus, the original complaint revealed that the action was removable. (See NOR; NOR, Ex. A); see, e.g., Hernandez v. YP Advert. & Publ'g LLC, No. CV 16-9612 FMO (AJWx), 2017 U.S. Dist. LEXIS 63485, at *9 (C.D. Cal. Apr. 26, 2017) (finding the thirty-day period for removal started to run from the date the original complaint was served, rather than from the date on which the amended complaint was served, where "the basis for federal jurisdiction was plainly evident on the face of the original Complaint"); Batson v. UPS, No. 12cv0839 BTM(JMA), 2012 U.S. Dist. LEXIS 139567, at *7 (S.D. Cal. Sep. 27, 2012) (finding that notice of removal should have been filed within thirty days of service of the original complaint because "[t]he basis for removal asserted by Defendant was revealed in the original complaint"). Because the case stated in the initial pleading was removable, a second thirty-day period was not be triggered by service of the FAC. See 28 U.S.C. § 1446(b)(3); Harris, 425 F.3d at 694 (concluding that second removal window is triggered if original complaint does not disclose that case was removable); Hernandez, 2017 U.S. Dist. LEXIS 63485, at *9; Batson, 2012 U.S. Dist. LEXIS 139567, at *7. Therefore, Defendant could remove the action no later than December 10, 2017, i.e., thirty days after Defendant was served with the original complaint. The Court finds that the Notice of Removal, filed December 14, 2017, was not timely.

For the foregoing reasons, the Court concludes that Defendant has not met its burden of establishing that removal was procedurally proper. The Court therefore remands this action to Los Angeles County Superior Court, Case No. BC 682387. See 28 U.S.C. § 1447(c). The Court stays this order until January 3, 2018. If Plaintiff wishes to remain in federal court and thereby waive the

---

[1] Plaintiff filed her original complaint in Los Angeles County Superior Court on November 7, 2017, and a First Amended Complaint on November 13, 2017. (NOR ¶¶ 1, 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-8983 PA (RAOx) | Date | December 22, 2017 |
|---|---|---|---|
| Title | Alexandra Jicol-Huylebroeck v. United Airlines, Inc., et al. | | |

procedural defect discussed above, Plaintiff shall notify the Court in writing on or before January 3, 2018.

    IT IS SO ORDERED.